UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DOMINIC PRICE and JESSICA PRICE,

    Plaintiffs,

  v.

RGR INDUSTRIES INC., d/b/a Iliad Epic Grow,
and RICHARD RUZICH,

    Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiffs*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# COMPLAINT

Plaintiffs Dominic Price and Jessica Price allege the following for their complaint against Defendants RGR Industries Inc., d/b/a Iliad Epic Grow, and Richard Ruzich.

## NATURE OF THE CASE

1.    This is an employment case.  Defendants failed to pay Plaintiffs Dominic and Jessica Price the wages they were owed under the Fair Labor Standards Act (FLSA) and Michigan's Workforce Opportunity Wage Act.  Defendants are liable for both minimum wage violations and the failure to provide overtime compensation.

2.    In fact, Defendants' payroll practices were such a mess that, during several workweeks, Defendants failed to pay the Prices *any of the compensation owed to them at all*.

3. Defendants further failed to compensate Jessica Price for the work she performed for the company when working outside the facility such as work she performed at home, on weekends, and while commuting.

4. When the Prices complained about Defendants' payroll practices, Defendants responded by promptly firing them both.

5. Defendants' conduct violates the FLSA and Michigan wage and hour law, and the company also breached its employment agreement with Dominic Price. Defendants also paid Jessica Price roughly half of what they paid male employees for the same work under identical working conditions, which violates Michigan's Elliot-Larsen Civil Rights Act and the Equal Pay Act provisions of the FLSA.

6. The Prices are entitled to recover damages that include, but are not limited to, lost wages, liquidated damages, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Dominic Price is an individual person who resides in Kalamazoo County, Michigan.

8. Plaintiff Jessica Price is an individual person who resides in Kalamazoo County, Michigan.

9. RGR Industries is a corporation organized under the laws of the State of Michigan. The corporation maintains its principal place of business in Ingham County, Michigan and operates a marijuana cultivation business that does business under the name "Iliad Epic Grow."

10. Defendant Richard Ruzich is an individual person who owns, operates, and controls RGR Industries. Ruzich controlled and implemented the unlawful employment practices that RGR Industries took in this case.

11. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.701, 600.705, 600.711, and 600.715. Fed. R. Civ. P. 4(k)(1)(A).

12. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FLSA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

13. The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

14. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

15. Plaintiff Dominic Price worked for RGR from December 2018 until October 16, 2020. Plaintiff Jessica Price worked for RGR from May 7, 2020 until October 16, 2020.

16. The Prices were employees within the meaning of the FLSA and Michigan's Elliott-Larsen Civil Rights Act at all times relevant to the complaint.

17. RGR is an employer under the FLSA and Michigan's Elliott-Larsen Civil Rights Act.

18. RGR is also an "enterprise" as defined by the FLSA and the corporation was (and is) engaged in commerce within the meaning of the FLSA.

19. The Prices performed marijuana cultivation work for RGR and their jobs were extremely labor intensive such that the nature of their work routinely required a significant time commitment from them each week. The Price's regularly worked between 40 and 55 hours (or more) each work week for RGR during their employment.

20. In December 2018, when RGR first hired Dominic Price, the company misclassified him as an independent contractor when it should have classified him as a direct employee.

21. Dominic Price became a direct employee of RGR Industries in January 2020 and RGR promised to pay him an annual salary of $100,000.

22. However, nothing about Dominic Price's job changed when he became a direct employee. Dominic Price's job duties were exactly the same when he worked as a (misclassified) independent contractor as they were when he worked as an employee for RGR, and he continued to work between 40 and 55 hours (or more) per week as a direct employee.

### *RGR Fails To Pay Dominic Price On a Salary Basis*

23. RGR failed to pay Dominic Price on a salary basis under the FLSA.

24. RGR failed to regularly pay Dominic Price a predetermined amount of compensation each workweek.

25. In fact, during many weeks, RGR failed to pay Dominic Price *any compensation* at all. And during the weeks that RGR did pay Dominic Price, it paid him in a haphazard fashion (*e.g.*, $1,000 one week and $250 the next).

### *RGR Fails To Pay the Prices Overtime Pay and the Minimum Wage for All Their Work Hours*

26. Jessica Price often performed work away from RGR's facilities before she arrived in the mornings, after she left in the evenings, and on weekends.

27. RGR knew that Jessica Price performed this work, but the company refused to pay her for these work hours.

28. RGR would also alter Jessica Price's payroll records to deduct the hours she worked away from RGR's facilities so that the payroll records made it appear as though she did

not work more than 40 hours each workweek—when, in fact, she had worked more than 40 hours during many workweeks.

29. There are no exemptions from the FLSA or Michigan wage and hour law that would excuse RGR from failing to pay the Prices at least the federally mandated minimum wage ($7.25) for all the hours that they worked.

30. RGR failed to pay the Prices $7.25 or more for all the work hours that they performed work for RGR each workweek.

31. There are no exemptions from Michigan's Workforce Opportunity Wage Act that would excuse RGR from failing to pay the Prices at least the minimum hourly wage owed to them in Michigan ($9.25 in 2018, $9.45 in 2019, and $9.65 in 2020) for all the hours that they worked for the company.

32. RGR failed to pay the Prices at least $9.25 per hour (in 2018), $9.45 per hour (in 2019), and $9.65 per hour (in 2020) for all the work hours that they performed work for RGR each workweek.

33. There are no exemptions from the FLSA that would excuse RGR from failing to pay the Prices at a rate of 1.5 times their regular rate of pay for all the overtime hours that they worked.

34. RGR suffered and permitted the Prices to work more than 40 hours during certain work weeks.

35. RGR willfully deprived the Prices of the proper minimum wage and overtime compensation by paying them less than what the FLSA and Michigan wage and hour law requires.

36. RGR knew or should have known that the Prices performed work that required the

proper payment of minimum wage and overtime compensation.

37. RGR knew that the Prices worked overtime hours without receiving proper overtime pay because, among other reasons, the company knew that their jobs required overtime hours and RGR's agents and representatives have observed the Prices performing their work at all hours of the day and on weekends. The Prices also specifically complained about RGR's improper pay practices and were rebuffed by Ruzich.

38. RGR knew, or should have known, about its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

*The Prices Complain About RGR's Payroll Practices
and the Company Responds By Firing Them*

39. The Prices complained about RGR's unlawful pay practices and requested that Defendant Richard Ruzich direct RGR to pay Dominic Price the compensation that RGR owed to him under his employment agreement (and also as required by state and federal wage and hour law).

40. The Prices also requested that Ruzich direct RGR to pay Jessica Price the compensation owed to her for the hours she worked away from RGR's facilities, including unpaid overtime compensation.

41. RGR refused to pay the Prices the wages owed to them, and the company did so at the direction of Ruzich.

42. On October 16, 2020, and shortly after the Prices' complaints about RGR's unlawful payroll practices, the company fired the Prices and provided no explanation for their dismissal.

*Defendant Ruzich's Individual Liability*

43. Defendant Ruzich is liable for the claims asserted in the complaint under the

FLSA, Michigan's Workforce Opportunity Wage Act, and Michigan's Elliott-Larsen Civil Rights Act because he had significant control over the day-to-day operations at RGR and, in particular, had substantial personal control over the Prices' employment.

44. Defendant Ruzich has a significant, majority ownership interests in RGR and operates Iliad Epic Grow.

45. Defendant Ruzich personally assigned work tasks to the Prices on behalf of RGR and he personally made many of the decisions (if not all of the decisions) regarding the Prices' employment and working conditions while at RGR, including but not limited to whether to pay them the compensation owed to them under the FLSA, Michigan's wage and hour laws, and under Dominic Price's employment agreement.

46. Defendant Ruzich personally set the compensation rate and method of pay for the Price's while they were employed at RGR, including personally making the decisions to withhold compensation owed to the Prices.

## COUNT 1
### FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

(*The Prices against all Defendants*)

47. The Prices repeat and incorporate all the previous allegations in their complaint.

48. The Prices often worked 40 to 55 hours or more each workweek on behalf of Defendants.

49. Defendants did not pay the Prices at least the federal minimum wage ($7.25) for all the hours that they worked for the company.

50. Defendants willfully failed to pay the Prices the minimum wage required by the FLSA.

51. Defendants knew that (or they had a reckless disregard for whether) the FLSA re-

quired them to pay the minimum wage required by the FLSA to the Prices for all the hours they worked.

52. The Prices have retained an attorney to render legal assistance to them in this action so that they may vindicate the impairment of their rights under the FLSA.

53. By not paying the Prices at least the hourly minimum wage of $7.25 for each hour that they worked, Defendants have violated the FLSA.

54. The Prices have suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

### COUNT 2
#### FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

(*The Prices against all Defendants*)

55. The Prices repeat and incorporate all the previous allegations in their complaint.

56. The Prices often worked 40 to 55 hours or more each workweek on behalf of Defendants.

57. Defendants did not pay the Prices at least the minimum hourly wage of $9.25 per hour (in 2018), $9.45 per hour (in 2019), and $9.65 per hour (in 2020) for the hours that they worked each workweek for Defendants as required by Michigan's Workforce Opportunity Wage Act.

58. Defendants willfully failed to pay the Prices the minimum wage required by the Workforce Opportunity Wage Act.

59. Defendants knew that (or they had a reckless disregard for whether) the Workforce Opportunity Wage Act required them to pay the minimum wage required by Michigan law to the Prices.

60. The Prices have retained an attorney to render legal assistance to them in this action so that they may vindicate the impairment of their rights under the Workforce Opportunity Wage Act.

61. By not paying the Prices at least the minimum hourly wage of $9.25 per hour (in 2018), $9.45 per hour (in 2019), and $9.65 per hour (in 2020) for each hour that they worked, Defendants have violated the Workforce Opportunity Wage Act.

62. The Prices have suffered damages as a result of Defendants' violations of the Workforce Opportunity Wage Act, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

## COUNT 3
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
(*The Prices against all Defendants*)

63. The Prices repeat and incorporate all the previous allegations in their complaint.

64. The FLSA requires covered employers to pay non-exempt employees like the Prices no less than 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek.

65. The Prices worked more than 40 hours per week for Defendants during certain work weeks, but Defendants did not properly compensate them for all of the overtime hours that they worked as required by the FLSA.

66. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation owed to the Prices.

67. Defendants knew that the Prices worked overtime hours without proper compensation, and they willfully failed and refused to pay the Prices wages at the required overtime rates.

68. Defendants' willful failure and refusal to pay the Prices overtime wages for the overtime hours they worked violates the FLSA.

69. The Prices have suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

## COUNT 4

### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

(*The Prices against all Defendants*)

70. The Prices repeat and incorporate all the previous allegations in their complaint.

71. The Prices engaged in activity protected by the FLSA by, among other things, requesting proper compensation for themselves and complaining about RGR's unlawful pay practices.

72. Defendants knew about the Prices' protected activities.

73. Defendants terminated the Prices' employment with RGR after they learned about the Prices' protected activities.

74. There was a direct and causal connection between the Prices' protected activities and Defendants' decision to terminate their employment.

75. The Prices have suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

## COUNT 5

### BREACH OF CONTRACT

(*Dominic Price against RGR only*)

76. Dominic Price repeats and incorporates all the previous allegations in the complaint.

77. Dominic Price and RGR had a contract of employment in which RGR agreed it would pay him an annual salary of $100,000.

78. RGR breached the contract by failing to pay Dominic Price the wages and compensation owed under the agreement.

79. Dominic Price has suffered damages as a result of RGR's breach of the agreement.

## COUNT 6
### PROMISSORY ESTOPPEL AND QUANTUM MERUIT
(*Dominic Price against all Defendants*)

80. Dominic Price repeats and incorporates all the previous allegations in the complaint.

81. Defendants made a promise to Dominic Price that was clear and definite in which they promised to pay him wages in exchange for the work he performed for Defendants.

82. When Defendants made that promise to Dominic Price, Defendants knew or should reasonably have expected that this promise would induce him to perform work for them and to forgo other employment opportunities.

83. Dominic Price did in fact perform work for Defendants and refrained from pursuing other employment and job opportunities in reliance on Defendants' promise.

84. Dominic Price has suffered damages as a result of his reliance on Defendants' promises.

## COUNT 7
### GENDER DISCRIMINATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT
(*Jessica Price against all Defendants*)

85. Jessica Price repeats and incorporates all the previous allegations in the complaint.

86. Defendants subjected Jessica Price to different terms and conditions of employment in comparison to male employees, including but not limited to, paying Jessica Price

far less than male employees at the same establishment for the same work performed under substantially equal working conditions.

87. Jessica Price's gender was one of the motives or reasons which made a difference in Defendants' decision to treat her differently in connection with the terms and conditions of her employment.

88. Jessica Price suffered damages as a result of Defendants' violations of Michigan's Elliott-Larsen Civil Rights Act, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 8
### VIOLATION OF THE EQUAL PAY ACT
(*Jessica Price against all Defendants*)

89. Jessica Price repeats and incorporates all the previous allegations in the complaint.

90. Defendants subjected Jessica Price to different terms and conditions of employment in comparison to male employees, including but not limited to, paying Jessica Price far less than male employees at the same establishment for the same work performed under substantially equal working conditions.

91. Jessica Price's gender was one of the motives or reasons which made a difference in Defendants' decision to treat her differently in connection with the terms and conditions of her employment.

92. Jessica Price suffered damages as a result of Defendants' violations of the Equal Pay Act provisions of the Fair Labor Standards Act, that include, but are not limited to, back wages, frontpay, attorney's fees, and litigation costs.

## JURY DEMAND

93. The Prices demand a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

- 13 -

## RELIEF REQUESTED

94. Plaintiffs Dominic and Jessica Price request that the Court enter a judgment in their favor and against Defendants in an amount that will fully and fairly compensate them for all of their damages, losses, expenses, back wages, liquidated damages, compensatory damages (including emotional distress), attorney's fees, litigation costs, and interest.

95. The Prices also request that the court grant them any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

DOMINIC PRICE and JESSICA PRICE

Dated:  January 7, 2021        By:   /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiffs*
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com